Argued November 30, affirmed December 27, 1971

STATE ex rel NILSEN, *Appellant, v.*
HEMSTREET et al, (No. 362 209), *Respondents.*

491 P2d 1185

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*William E. Hurley,* Portland, argued the cause for respondents. With him on the brief were Bernard, Hurley, Hodges & Kneeland, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This appeal involves a question of statutory interpretation. The state, on relation of the Commissioner of the Oregon Bureau of Labor who is the assignee of nine wage claimants, filed a complaint in the circuit court to recover unpaid wages from the defendants pursuant to ORS 652.335 (1).

ORS 652.335 (1) provides:

> "A person operating a commercial establishment where food is cooked and served who holds a dispenser's license issued under ORS 472.110 is liable for all valid wage claims of individuals employed in the kitchen facilities and dining space of such establishment who are not employed by such person, if the wage claims cannot be enforced against the employer of such individuals. The commissioner may in such a case proceed under ORS 652.310 to 652.410 against the person operating the establishment as if that person had employed the individuals assigning the wage claims."

The statute requires the existence of four elements before a wage claimant, or the commissioner or his assignee, can recover. The person against whom the claim is filed must (1) operate a commercial establishment where food is cooked and served; (2) hold an Oregon liquor dispenser's license issued under ORS 472.110; (3) not be the employer of the wage claimant; and (4) the wage claim must not be enforceable against the employer.

The lower court found that the defendants were not liable for the wage claims because they "* * * were not operating a commercial establishment as provided in ORS 652.335 (1)."

The defendants are partners in The Dunes Motel in Newport, Oregon. The motel, as originally

built, had 40 units. When the motel proved successful, the partners decided to add another 30 units on adjacent land owned by the partnership. The builder suggested the addition include a restaurant in that sufficient land was available. The partners agreed to construct a restaurant, but did not want to operate it. In order to obtain the construction contract, the builder promised to lease the restaurant facilities. A lease was executed in early 1968 and the builder operated the restaurant for about two months. During this time the restaurant did not have a bar.

The builder contacted Mr. and Mrs. Edmond Hansen who wanted to lease the restaurant and operate a bar in conjunction with it. The defendants executed a new lease with the Hansens and the lease with the builder was rescinded in consideration for his promise to guarantee the new tenants' performance of their lease.

The Hansens operated the restaurant from the date of the lease, August 15, 1968, until about February 6, 1970, when they became insolvent. After the Hansens went into possession, they applied for a liquor dispenser's license. If the license had been issued solely to the Hansens, they would have been able to move to another location and take the license with them; therefore, the defendants decided to have their names placed on the license, too. All five people—the three defendants and the Hansens—met at the office of the Liquor Control Commission, Milwaukie, and the license was issued in the names of all of them.

The defendants had no right to supervise the operation of the restaurant and bar under the terms of the lease and there was no proof that they participated in the business in any way. The only connection be-

tween the motel business on the one hand and the restaurant and the bar on the other was that motel guests could charge their liquor and food on their motel bill. The lease provided for a minimum monthly rental with an additional amount based on a percentage of gross receipts.

In *State ex rel Nilsen v. Whited,* 239 Or 149, 152, 396 P2d 758 (1964), the Oregon Supreme Court considered the purpose of ORS 652.335:

> "We believe that the purpose of ORS 652.335 is two-fold: (1) to provide protection for the wages of employees in kitchens and dining rooms that are parts of commercial establishments conducted by licensed dispensers, and (2) to secure for the entire establishment, conducted by licensees, the better administration that the legislature evidently believed would be manifested when licensees realize that they are responsible for the wages of the kitchen and dining room staff. That postulate is based upon a belief that if a person who operates a business enterprise knows that he is responsibble [sic] for the debts of the person whom he installs in charge of an integral part of the venture, he will exercise greater caution in the selection of his appointee. He will avoid fly-by-nights and seek stability."

Oregon Constitution, Art I, § 39, requires licensed commercial establishments to serve food. The legislature realized that licensees might be interested only in the profits from operating the bar.[1] The livelihood of those who worked in the dining facilities would be jeopardized if licensees placed financially irresponsible managers in charge of the food.

---

[1] For a discussion of the economics of food service, see State ex rel Nilsen v. Whited, 239 Or 149, 160, 396 P2d 758 (1964), concurring opinion, Mr. Justice Denecke; Van Ripper v. Liquor Cont. Com., 228 Or 581, 365 P2d 109 (1961).

Plaintiff argues that the mere fact that defendants were named on the liquor dispenser's license means that they operated a commercial enterprise. Such an interpretation, however, would ignore one of the requirements of the statute, namely that the person liable for wages must be "operating" the enterprise. To hold these defendants responsible would be contrary to a basic rule of construction which requires a court to give all words their natural and obvious meaning. *State ex rel Nilsen v. Ore. Motor Ass'n*, 248 Or 133, 137, 432 P2d 512 (1967).

We agree with the trial court that the defendants were not operating a commercial establishment as provided in ORS 652.335 (1), and thus are not liable for plaintiff's wage claims.

Affirmed.